UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
    Plaintiff,

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

vs.

RON ERDOS, et al.,
    Defendants.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on plaintiff's motion for default judgment (Doc. 16), plaintiff's motion for leave to supplement the complaint (Doc. 17), and defendants' motion to stay the responsive pleading deadline (Doc. 18).

On November 2, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* (Doc. 8) and plaintiff's complaint was filed on the Court's docket (Doc. 9). That same date, the undersigned issued an Order and Report and Recommendation granting plaintiff's motion for leave to file a supplemental complaint. (Doc. 11). Upon *sua sponte* review of the complaint as supplemented, the undersigned concluded that plaintiff could proceed with his claims that defendants Hale, Fri, Miller, Hutchinson, Dawson, Combs and Noland retaliated against him for filing grievances against defendants and other SOCF employees; that these defendants violated his Eighth and Fourteenth Amendment rights by targeting him because of his rape against a minor conviction and jeopardizing his safety by telling other inmates he is a snitch and a child molester; that defendant Cool violated his First Amendment rights by prohibiting him from attending religious services; and that defendants Oppy and Mahlman violated his Eighth Amendment rights by ignoring his request for protective custody despite knowledge of threats

from inmates and officers. The District Judge issued an Order adopting the Report and Recommendation on December 5, 2016. (Doc. 13).

**I. Plaintiff's motion for default judgment**

Plaintiff filed a motion for default judgment under Fed. R. Civ. P. 55 on December 27, 2016. (Doc. 16). Plaintiff alleges that the complaint was served on all defendants on November 2, 2016, and defendants' answer was due within 21 days after service of the complaint and summons or within 60 days if defendants waived service. Plaintiff contends that defendants have not asked for additional time to respond and have not met the deadline for filing an answer. He therefore moves for a default judgment against defendants for failure to prosecute.

Rule 55 governs default judgments. Obtaining a default judgment is a two-step process. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, and depending on which provision applies, the plaintiff must either request that the clerk enter a default judgment for a specified amount under subsection (b)(1) or move the court for a default judgment under subsection (b)(2).

Plaintiff is not entitled to a default judgment because the record shows that defendants are not in default. The Court ordered the United States Marshal to serve a copy of the summons and complaint on defendants on November 2, 2016. (Doc. 11). Summons were issued and sent to the United States Marshal for service the following day. (Doc. 12). The record does not reflect that summons were returned executed for any defendant. Nonetheless, defendants filed a motion for extension of time to file an answer on December 16, 2016. (Doc. 14). The Court granted defendants an extension until January 6, 2017, to file a responsive pleading. (Doc. 15). Before

2

the extended deadline had expired, defendants filed their motion to stay the responsive pleading deadline. (Doc. 18). Thus, defendants have not failed to plead or otherwise defend so as to satisfy the requirements for an entry of default by the clerk under Fed. R. Civ. P. 55(a). Neither has plaintiff sought and obtained an entry of default by the clerk under Rule 55(a). Because plaintiff has failed to satisfy this requirement of Rule 55, he is not entitled to default judgment under the Rule. *See Heard v. Caruso,* 351 F. App'x 1, 15-16 (6th Cir. 2009) (before a party obtains a default judgment under Rule 55(b)(1) or (b)(2), there must be an entry of default by the clerk under Rule 55(a) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998)).

## II. Motion to supplement the complaint

Plaintiff moves to supplement the complaint a second time to add a request for a preliminary injunction that would order his transfer from SOCF while this lawsuit is pending; supplemental claims against defendant Hale; a claim against Ms. Distal, a commissary supervisor, for violation of his First and Eighth Amendment rights; and claims against new defendants, Officer Rogers and Officer Irvin, for subjecting plaintiff to strip searches in violation of his First and Eighth Amendment rights. (Doc. 17). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his supplemental claims against defendant Hale and newly-added defendants Officer Rogers, Officer Irvin and Ms. Distal, as well as his punitive damages claims. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Liberally construing plaintiff's request for injunctive relief as a motion for preliminary injunction, the Court will address the motion in a Report and Recommendation to be issued separately from this Order.

### III. Defendants' motion to stay the responsive pleading deadline

Defendants move the Court to stay the responsive pleading deadline pursuant to Fed. R. Civ. P. 6(b)(1)(A) and 16(b)(4) and S.D. Ohio Civ. R. 16.2. (Doc. 18). Defendants ask the Court to stay the deadline until the Court rules on plaintiff's motion to supplement his complaint so that defendants can file only one responsive pleading.

For good cause shown, the Court will grant defendants' motion and extend the deadline to file a responsive pleading.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (Doc. 16) be **DENIED**.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motion to supplement the complaint (Doc. 17) is **GRANTED** in accordance with the terms of this Order.

2. Defendants' motion to stay the responsive pleading deadline (Doc. 18) is **GRANTED**. Defendants shall have **forty-five (45) days** from the date of this Order to file a responsive pleading to the complaint as supplemented.

3. Plaintiff shall submit a copy of his original complaint and supplemental complaint, a summons form, and a United States Marshal form for each of the newly named defendants within **fourteen (14) days** of the date of this Order. Upon receipt of these documents, the Court will order service of process by the United States Marshal.

Date: 1/17/17

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

vs.

RON ERDOS, et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).