UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on plaintiff's motion for a preliminary injunction.[1] (Doc. 17). Plaintiff seeks a preliminary injunction ordering his removal from SOCF during the pendency of this lawsuit. Plaintiff alleges he has been subjected to ongoing harassment as retaliation for exercising his legal rights in violation of the First and Eighth Amendments. Plaintiff asserts that defendant Hale has made verbal threats and has informed other inmates that plaintiff is a child molester and a "snitch," defendants Rogers and Irvin have subjected him to retaliatory strip searches, and his commissary order inexplicably was not filled even though he had funds in his account.

    In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

    2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

    3. Whether an injunction will cause others to suffer

---

[1] The Court construed plaintiff's request for injunctive relief made in his motion to supplement the complaint (Doc. 17) as a motion for preliminary injunction.

        substantial harm; and

        4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Id*. A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Id.* at 739.

When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. Plaintiff has made no attempt to apply the above factors to his situation. He has not established a substantial likelihood of success on the merits of his constitutional claims or that he will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of his claims, equitable relief is available to correct any ongoing constitutional harms plaintiff alleges.

A preliminary injunction is also not warranted here because the purpose of a preliminary injunction--to preserve the status quo until a trial on the merits can be held, *see S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)--would not be served. According to plaintiff, the

present status quo is that he has suffered numerous violations of his constitutional rights and that those violations are ongoing. The remedy plaintiff seeks is more than an injunction maintaining the status quo; instead, he seeks affirmative relief from this Court in the form of a transfer from SOCF, where he is presently incarcerated, to remedy constitutional violations yet to be proven. Plaintiff is not entitled to this extraordinary relief.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction (Doc. 17) be **DENIED**.

Date: 1/17/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

vs.

RON ERDOS, et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).