UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 for violations of his civil rights. The matter is before the Court on the following motions: (1) plaintiff's motion to extend the March 17, 2017 deadline for issuing summons to defendants Scott and Irvin (Doc. 35), (2) plaintiff's motion for appointment of counsel (Doc. 36), (3) defendants' motion to stay the responsive pleading deadline (Doc. 37), (4) plaintiff's motion for partial summary judgment (Doc. 38) and defendants' motion to stay the deadline for responding to plaintiff's summary judgment motion (Doc. 41), (5) plaintiff's motion to require defendants to file an answer (Doc. 39), and (6) plaintiff's motion for default judgment against all defendants (Doc. 42).

**I. Background**

On November 2, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* (Doc. 8) and his complaint was filed on the Court's docket (Doc. 9). The Court granted plaintiff leave to file a supplemental complaint on that same date. (Doc. 11). On *sua sponte* review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court determined that plaintiff could proceed on certain claims against defendants Hale, Fri, Miller, Hutchinson, Dawson, Combs, Oppy, Mahlman, Noland and Cool but the Court dismissed other claims against

these defendants and all claims against other individuals plaintiff had named as defendants. (Docs. 11, 13). Plaintiff was granted leave to supplement his complaint a second time to add claims and to include Officers Irvin and Scott as new defendants. (Doc. 24). On February 2, 2017, the Court stayed discovery in this matter pending further Court order because plaintiff had only recently named new defendants to the complaint and the Court had granted plaintiff additional time to perfect service. (Doc. 25).

On March 3, 2017, the Court ordered plaintiff to show cause by March 17, 2017, why this case should not be dismissed as to newly-named defendants Officers Scott and Irvin for failure to comply with the Court's Order of February 1, 2017, which gave plaintiff 14 days to submit copies of his complaints and process forms for these defendants. (Doc. 28). The Court also extended the responsive pleading deadline to March 22, 2017, to enable defendants to file one responsive pleading to both the original and supplemental complaints. On March 17, 2017, summons were issued as to defendants Scott and Irvin (Doc. 33) but were returned unexecuted on April 21, 2017. (Doc. 40). The SOCF Legal Office informed the Court that it was returning the documentation because the envelopes addressed to "Officer Irvin" and "Officer Scott" were not deliverable as addressed as there was more than one employee with each name at SOCF. (*Id.*).

## II. Resolution of the pending motions

Plaintiff's motion to extend the March 17, 2017 deadline for service of summons on defendants Scott and Irvin (Doc. 35) is denied as moot. Summons were issued for these defendants but were returned unexecuted because SOCF cannot deliver the summons without additional identifying information.

Before service may be issued on "Officer Irvin" and "Officer Scott", plaintiff must file a

2

motion to issue service setting forth with more particularity the identities of "Officer Irvin" and "Officer Scott." Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of these defendants through discovery. Plaintiff is advised that no service will be issued on these defendants unless plaintiff complies with this Order.

Defendants move the Court to stay the responsive pleading deadline (Doc. 37), which the Court had previously extended to March 22, 2017 to enable defendants to file only one responsive pleading after plaintiff had an opportunity to serve newly-named defendants Irvin and Scott. (*See* Doc. 28). Defendants ask the Court to stay the deadline until plaintiff attempts to serve Officer Scott and Officer Irvin. The Court will deny defendants' motion. This case has been pending for nearly ten months and is still at the pleading stage. Defendants will be given an extension of time to file their responsive pleading, but the additional delay that a stay would entail is not warranted. Plaintiff's motion for an order requiring defendants to answer the complaint as supplemented (Doc. 39) is denied as moot.

Plaintiff's motion for appointment of counsel (Doc. 36) is denied for the reasons stated in the Court's Order denying plaintiff's previous motion for appointment of counsel. (*See* Doc. 21). Plaintiff has not alleged any new and exceptional circumstances that would warrant appointing counsel for him in this case.

Plaintiff filed a motion for partial summary judgment on his Eighth Amendment claims for damages against defendant J. Oppy on April 13, 2017. (Doc. 38). Plaintiff alleges that as a result of defendant Oppy's "wanton deliberate indifference" to his claims of retaliation and threats from officers and his failure to act on plaintiff's request for protective custody, plaintiff has been the victim of two incidents of sexual misconduct/assault by staff members. (*Id.*).

3

Defendants move to stay the deadline to respond to plaintiff's motion under Fed. R. Civ. P. 56(d). (Doc. 41). Rule 56(d) allows the Court to take certain action "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. . . ." Fed. R. Civ. P. 56(d). The Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." (*Id.*). Defendants have submitted their counsel's declaration in which he states that discovery in this case has been stayed since February 2017, and defendants cannot present facts necessary to oppose plaintiff's motion for partial summary judgment because they have not had an opportunity to complete discovery. (Doc. 41-1, Declaration of Zachary R. Huffman).

Plaintiff's summary judgment motion is premature. Further factual development of the record is necessary before the Court can determine whether summary judgment is appropriate. Because the discovery deadline has been stayed in light of plaintiff's requests for leave to supplement the complaint and to obtain extensions of time to perfect service on defendants Scott and Irvin, the parties have been unable to conduct discovery. Plaintiff's motion for partial summary judgment (Doc. 38) should therefore be denied under Fed. R. Civ. P. 56(d)(1) without prejudice to resubmission after discovery has been completed in this case. Defendants' motion to stay the deadline for responding to the motion (Doc. 41) is granted.

Plaintiff filed a motion for default judgment against all defendants on May 11, 2017, alleging he is entitled to default judgment because defendants have not yet filed an answer or other response to his complaint as supplemented. (Doc. 42). Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

4

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under Fed. R. Civ. P. 55(b)(2).

Plaintiff is not entitled to default judgment. Plaintiff has not completed the first step under Rule 55(a) by obtaining an entry of default by the clerk. *See Heard v. Caruso,* 351 F. App'x 1, 15-16 (6th Cir. 2009). In addition, the time period for filing an answer has not begun to run as to defendants Scott and Irvin as required by Fed. R. Civ. P. 4(c)(1) because summons have not been served on them. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint). Finally, defendants have not failed to defend this case but have filed motions to stay discovery and the responsive pleading deadlines. Plaintiff's motion for default judgment (Doc. 42) should therefore be denied.

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's motion for appointment of counsel (Doc. 36) is **DENIED**.

2) Plaintiff's motion to extend the March 17, 2017 deadline for issuing summons to defendants Irvin and Scott (Doc. 35) is **DENIED** as moot.

3) Defendants' motion to stay the responsive pleading deadline (Doc. 37) is **DENIED**. Defendants shall have until **June 7, 2017** to file a response to plaintiff's complaint.

4) Plaintiff's motion to require defendants to file an answer (Doc. 39) is **DENIED** as moot.

5) Defendants' motion to stay the deadline to respond to plaintiff's motion for partial summary judgment (Doc. 41) is **GRANTED**.

5

**IT IS THEREFORE RECOMMENDED THAT:**

1) Plaintiff's motion for partial summary judgment (Doc. 38) be **DENIED** without prejudice to resubmission after discovery in this case has been completed.

2) Plaintiff's motion for default judgment against all defendants (Doc. 42) be **DENIED.**

Date: 5/18/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

vs.

RON ERDOS, et al.,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).