UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JONATHAN THOMAS,<br>Plaintiff, | Case No. 1:16-cv-793<br>Black, J.<br>Litkovitz, M.J. |
| vs. | |
| RON ERDOS, et al.,<br>Defendants. | ORDER AND REPORT<br>AND RECOMMENDATION |

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on plaintiff's motion for partial summary judgment (Doc. 51) and defendant J. Oppy's motion to stay the deadline for responding to plaintiff's summary judgment motion (Doc. 53), which is unopposed.

**I. Procedural background**

On November 2, 2016, the Court granted plaintiff leave to proceed *in forma pauperis* (Doc. 8) and his complaint was filed on the Court's docket (Doc. 9). The Court granted plaintiff leave to file a supplemental complaint on that same date. (Doc. 11). On *sua sponte* review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the Court determined that plaintiff could proceed on certain claims against defendants Hale, Fri, Miller, Hutchinson, Dawson, Combs, Oppy, Mahlman, Noland and Cool, but the Court dismissed other claims against these defendants and all claims against other individuals plaintiff had named as defendants. (Docs. 11, 13). Plaintiff was granted leave to supplement his complaint a second time to add claims and to include Officers Scott and Irvin as new defendants. (Docs. 19, 24). The Court granted plaintiff a 14-day extension to submit copies of his complaints and process forms for these defendants. (Doc. 24). On February 2, 2017, the Court stayed discovery in this

matter pending further Court order because plaintiff had only recently named new defendants to the complaint and the Court had granted plaintiff additional time to perfect service. (Doc. 25).

On March 3, 2017, the Court ordered plaintiff to show cause by March 17, 2017, why this case should not be dismissed as to newly-named defendants Officers Scott and Irvin for failure to comply with the Court's Order dated February 1, 2017, giving plaintiff 14 days to submit copies of his complaints and process forms for these defendants. (Doc. 28). The Court also extended the responsive pleading deadline to March 22, 2017 to enable defendants to file one responsive pleading to both the original and supplemental complaints. On March 17, 2017, summons were issued as to defendants Scott and Irvin (Doc. 33) but were returned unexecuted with a letter dated April 12, 2017, explaining that SOCF could not deliver the summons without additional identifying information. (Doc. 40).

By Order dated May 18, 2017, the Court denied plaintiff's motion to extend the March 17, 2017 deadline for issuing summons on defendants Scott and Irvin (Doc. 35) as moot because summons had been issued but were returned unexecuted. (Doc. 43). The Court ordered plaintiff to file a motion to issue service, including United States Marshal and summons forms, for "Officer Irvin" and "Officer Scott" setting forth with more particularity the identities of the two officers, if and when he discovers the identities of these defendants through discovery. (*Id.*). Plaintiff was advised that no service would be issued on these defendants unless he complied with the Court's Order. The Court granted defendants' motion to stay the deadline for responding to plaintiff's motion for partial summary judgment on his Eighth Amendment claims for damages against defendant J. Oppy (Doc. 41), which plaintiff had filed on April 13, 2017, in light of the procedural posture of the case. (Doc. 38). The Court recommended that plaintiff's motion for partial summary judgment be denied without prejudice to resubmission "after

discovery has been completed in this case." (Doc. 43 at 4).

A Calendar Order subsequently was issued which set a discovery deadline of December 7, 2017 and a dispositive motion deadline of January 8, 2018. (Doc. 47). Although discovery has not yet been completed, plaintiff filed a second motion for partial summary judgment on his Eighth Amendment claims for damages against defendant Oppy on July 13, 2017. (Doc. 51).

## II. Motion to stay

Defendant Oppy moves to stay the deadline to respond to plaintiff's motion for partial summary judgment under Fed. R. Civ. P. 56(d), which allows the Court to take certain action "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. . . ." (Doc. 53). Defendant Oppy has submitted his counsel's declaration in support of the motion. (Doc. 53-1, Declaration of Zachary R. Huffman). The Court will grant defendant's motion based on the law and reasons set forth in the prior Order and Report and Recommendation granting defendants' motion to stay and recommending that plaintiff's motion for summary judgment on his claims against Oppy be denied without prejudice to resubmission after discovery has been completed. (Doc. 43).

**IT IS THEREFORE ORDERED THAT:**

Defendant Oppy's motion to stay the deadline to respond to plaintiff's motion for partial summary judgment (Doc. 53) is **GRANTED.**

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for partial summary judgment (Doc. 51) be **DENIED** without prejudice to resubmission after discovery in this case has been completed.

Date: 9/8/2017            *s/Karen L. Litkovitz*
                          Karen L. Litkovitz
                          United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,  
    Plaintiff,

Case No. 1:16-cv-793  
Black, J.  
Litkovitz, M.J.

vs.

RON ERDOS, et al.,  
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).