# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JONATHAN T. THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this action under 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on defendant J. Cool's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 20(a)(2) (Doc. 44), plaintiff's memorandum in opposition (Doc. 50), and defendants' reply memorandum (Doc. 52).

Plaintiff asserted a claim against defendant Cool in the original complaint as supplemented at ¶ XI. (Doc. 9 at 14). Plaintiff sues defendant Cool, the Deputy Warden of Operations at SOCF, in his individual and official capacities. (*Id.* at 14, 15). Plaintiff alleges that Cool violated his First Amendment rights by prohibiting him from freely exercising his religion. (*Id.* at 16). Plaintiff alleges that while housed in the LPHU (Limited Privilege Housing Unit), he filed a grievance because he was not allowed to attend religious services as he had regularly done at SOCF. (*Id.* at 14). Plaintiff alleges he sent a "kite" to Cool, who responded by stating that inmates in LPHU are not allowed to attend chapel services. Plaintiff alleges defendant Linnea Mahlman denied his grievance, stating in the disposition that "K7 is the LPHU and cannot attend because K7 cannot mix with any other block." (*Id.*). Plaintiff alleges he was not allowed to attend chapel services the entire 27 days he was in LPHU.

Defendant Cool seeks to dismiss plaintiff's complaint on the grounds the claim against him is barred by the Eleventh Amendment; he is entitled to qualified immunity; the complaint fails to state a claim for relief against him because it alleges only that Cool denied plaintiff's grievance relating to access to religious services, and participation in a prison grievance process is not actionable under § 1983; and plaintiff's claim against Cool is part of a "buckshot complaint" that is prohibited by Fed. R. Civ. P. 20 because it attempts to "piggyback" a claim relating to the grievance procedure, and possibly access to religious services, onto unrelated claims of retaliation. (Doc. 44). In response, plaintiff alleges he is suing defendant Cool in both his official and individual capacities and the individual capacity claim is not barred by the Eleventh Amendment; he has stated a claim against defendant Cool for violation of his First Amendment rights by alleging that Cool refused to allow plaintiff to attend institutional religious services; and plaintiff has not filed a "buckshot" complaint but instead has alleged defendants engaged in a campaign of harassment against him for filing multiple complaints against officials and officers, which included refusing to allow plaintiff to attend religious services as punishment for filing complaints. (Doc. 50).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting

2

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Defendants' motion to dismiss should be granted insofar as plaintiff sues defendant Cool in his official capacity. Plaintiff's claim against Cool in his official capacity is barred by the Eleventh Amendment. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66-67 (1989); *Quern v. Jordan,* 440 U.S. 332, 337 (1979). The Eleventh Amendment does not bar plaintiff's claim against defendant Cool in his individual capacity.

Defendant Cool asserts he is entitled to qualified immunity on plaintiff's claim brought against him in his individual capacity. Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Once a defendant raises a

qualified immunity defense, the plaintiff must satisfy a two pronged analysis: (1) did the officer's conduct violate a constitutional right, and (2) if the first step is satisfied, was the right clearly established at the time of the injury? *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part, Pearson v. Callahan,* 555 U.S. 223 (2009).

Defendant Cool argues that plaintiff has not stated a claim against him for violation of his First Amendment rights because plaintiff alleges only that Cool denied plaintiff's grievance regarding his inability to attend religious services. (Doc. 44 at 6). Defendant contends there is no allegation in the complaint that Cool was responsible for plaintiff being unable to attend religious services or that Cool retaliated against plaintiff in any way. Defendant asserts that responding to a grievance or participating in a grievance procedure is insufficient to trigger liability under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" are not subject to liability under § 1983).

Plaintiff asserts that his claim against defendant Cool is not based on Cool's denial of a grievance. (Doc. 50 at 2-3). Plaintiff alleges it is instead premised on defendant Cool's refusal to allow him to attend religious services. (*Id*. at 2). Plaintiff has attached to his response a Disposition of Grievance issued by Institutional Inspector Mahlman on May 18, 2016 to support his claim. (Doc. 50-1, Exh. A). Plaintiff contends that Cool refused to allow him to attend religious services as punishment for filing complaints. (*Id*. at 3). Defendant argues in reply that the Court cannot consider new arguments and documentation plaintiff has presented in response to his motion to dismiss because they are not part of the complaint. (Doc. 52 at 2-3). Defendant also argues that the new information submitted by plaintiff demonstrates that he was not

permitted to attend religious services due to safety concerns and that alternatives to chapel services were available to him. (*Id.* at 3). Defendant concludes that regardless of any new factual allegations plaintiff has made, his claim against Cool should be dismissed for noncompliance with Fed. R. Civ. P. 20(a)(2) and the prohibition against "buckshot" complaints because plaintiff does not allege retaliation by Cool in the complaint. (*Id.* at 3-4).

Plaintiff's amended complaint states a plausible claim to relief against defendant Cool. Plaintiff's First Amendment claim is premised on more than simply Cool's participation in the grievance process. Liberally construed in plaintiff's favor, the complaint alleges that defendant Cool, acting in his capacity as Deputy Warden of Operations, violated plaintiff's First Amendment rights by denying him the opportunity to attend religious services while plaintiff was housed in LPHU. (Doc. 9 at 14). According to the allegations of the complaint, plaintiff was not permitted to attend religious services during his 27-day stay in LPHU and defendant Cool was the individual who was responsible for this decision. For purposes of the motion to dismiss, the Court must accept plaintiff's allegations as true. It is not appropriate to consider the Disposition of Grievance or other evidence in connection with a motion to dismiss to determine whether Cool's decision was justified by security concerns and whether plaintiff was provided with adequate alternatives to religious services. Considering only the allegations of the complaint, the motion to dismiss should not be granted on the basis of qualified immunity.

Nor should plaintiff's claim against Cool be dismissed on the ground it is part of a "buckshot complaint" that is prohibited by Fed. R. Civ. P. 20. (Doc. 44). This case is distinguishable from the misjoinder decisions cited by defendants: *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674 (6th Cir. 1988) and *George v. Smith*, 507 F.3d 605 (7th Cir.

2007). The Sixth Circuit in *Michaels Bldg. Co.*, 848 F.2d at 674, held that dismissal of certain defendants under Rule 20(a) was not an abuse of discretion because the loan transaction that formed the basis for the claims against them "involve[d] different banks, different contracts and different terms" and the "loan document contain[ed] an entirely different representation as to its interest rate than the loan documents of the other defendants." *Id.* at 682. The Seventh Circuit in *George*, 507 F.3d 605, found that defendants had been misjoined where the prisoner plaintiff filed 50 different claims in an effort to avoid the "three strike" provision of the Prison Litigation Reform Act.

Here, plaintiff brings a significantly smaller number of claims based on incidents that allegedly occurred at SOCF within a relatively brief two-month time period. (Doc. 9). Plaintiff alleges defendants engaged in a pattern of harassment based on the nature of his crime and took a series of retaliatory actions against him for filing complaints against prison officers and officials. (Doc. 9 at 14-15). Given the nature and scope of his allegations, plaintiff's claim against Cool should not be dismissed under the very liberal joinder provisions of Rule 20, even though plaintiff does not specifically allege in the complaint that defendant Cool acted with a retaliatory motive. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.") (footnote omitted). Defendants' request for dismissal on the basis of misjoinder should therefore be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Cool's motion to dismiss plaintiff's claim against him (Doc. 44) be **DENIED**.

Date: 1/23/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JONATHAN T. THOMAS,
    Plaintiff,

vs.

RON ERDOS, et al.,
    Defendants.

Case No. 1:16-cv-793

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).