UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action against numerous SOCF officials alleging violations of his First and Eighth Amendment rights. This matter is before the Court on plaintiff's motion for a preliminary injunction (Doc. 64), defendants' memorandum in opposition (Doc. 67), and plaintiff's reply memorandum (Doc. 68).

Plaintiff seeks an injunction requiring prison officials to transfer him to a different "level four institution." (Doc. 64 at 3). Plaintiff alleges that he attacked an inmate who had threatened to stab plaintiff unless he paid the inmate money. Plaintiff alleges that he was denied the opportunity to appear before the Serious Misconduct Panel to defend his actions and was sentenced to "Supermax Unit K2 which happens to be defendant C/O Hutchinson's unit." (*Id.*). Plaintiff alleges he believes these actions were taken in retaliation for the undersigned's January 23, 2018 Report and Recommendation (Doc. 63) recommending that defendant Cool's motion to dismiss be denied. (Doc. 64).

In determining whether to issue a preliminary injunction, the Court must balance the following factors:

> 1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

   3. Whether an injunction will cause others to suffer substantial harm; and

   4. Whether the public interest would be served by a preliminary injunction.

*Overstreet v. Lexington–Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Id.; Leary*, 228 F.3d at 736. "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

Plaintiff is not entitled to a preliminary injunction in this matter. The Court finds that plaintiff has neither alleged facts, nor submitted any evidence whatsoever, warranting a preliminary injunction in this matter. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claims, or that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's allegations in his motion do not

constitute evidence supporting injunctive relief. In the absence of any evidence supporting plaintiff's motion, the motion should be denied.

A preliminary injunction is also not warranted here because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. Plaintiff does not seek to preserve the status quo; instead he seeks to affirmatively correct alleged constitutional harms inflicted on him by SOCF officials and other parties who are not defendants in this case and over whom the Court has no jurisdiction.

The Court need not analyze the remaining factors because it is clear based on the above considerations that plaintiff is not entitled to the extraordinary relief he seeks. Plaintiff's motion for a preliminary injunction (Doc. 64) should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction (Doc. 64) be **DENIED**.

Date: 3/6/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).