# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JONATHAN T. THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793

Black, J.
Litkovitz, M.J.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this pro se action under 42 U.S.C. § 1983 for violations of his civil rights against defendants J. Cool, Christopher Combs, Richard Dawsen II, Garth Fri, Stephen Hale, Ryan Hutchinson, Linnea Mahlman, Merlin Miller, Jeremy Oppy, Brian Noland, Officer Irvin and Officer Scott.[1] On March 30, 2018, the undersigned issued a Report and Recommendation recommending that defendants' motion to dismiss plaintiff's claims against defendants Irvin and Scott for lack of service and defendants' motion for summary judgment (Doc. 72) be granted. (Doc. 84). The undersigned recommended that plaintiff's claims against defendants Hale, Fri and Hutchinson related to the alleged April 2016 incidents be dismissed with prejudice and that the remaining claims against defendants Hale, Fri and Hutchinson and all claims against defendants Cool, Miller, Dawson, Mahlman and Oppy be dismissed without prejudice for failure to exhaust administrative remedies.

This supplemental Report and Recommendation is issued to clarify that in accordance with the law and for the reasons set forth in the prior Report and Recommendation (Doc. 84), plaintiff's claims against defendants Combs and Nolan should also be dismissed without prejudice for failure to exhaust administrative remedies. Plaintiff did not file a grievance against

---

[1] Defendant Noland's name is correctly spelled "Nolan" and defendant Dawsen's name is correctly spelled "Dawson."

Nolan during the relevant time period. *See* Doc. 72-4, Mahlman Decl., ¶¶ 20, 21. Nor did plaintiff exhaust any grievance against either defendant Combs or Nolan related to this lawsuit. *Id.*, ¶ 22.A. Plaintiff filed a single grievance against Combs on July 26, 2018, which also named several other defendants (SOCF 7-16-000334), but plaintiff did not pursue the next step of the grievance process or exhaust his administrative remedies for the grievance before instituting this lawsuit two days later on July 28, 2018. *See Id.*, ¶ 20, p. 6.

Accordingly, the Report and Recommendation (Doc. 84) is hereby **SUPPLEMENTED** as follows:

It is **RECOMMENDED** that summary judgment be **GRANTED** in favor of defendants Combs and Nolan and that plaintiff's claims against defendants Combs and Nolan be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Further, it is **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons any appeal of an Order of the Court adopting the Report and Recommendation as supplemented would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 11/1/18

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JONATHAN T. THOMAS,
Plaintiff,

vs.

RON ERDOS, et al.,
Defendants.

Case No. 1:16-cv-793
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).