UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JONATHAN T. THOMAS, | : | Case No. 1:16-cv-793 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| RON ERDOS, *et al.*, | : | |
| Defendants. | : | |

DECISION AND ENTRY
ADOPTING THE REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND TERMINATING THIS CASE IN THIS COURT

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and submitted several Reports and Recommendations.

A. **Dispositive Motions.**

On August 3, 2018, the Magistrate Judge entered a Report and Recommendation recommending that the motion to dismiss filed by Defendants Irvin and Scott (Doc. 72) be granted, Plaintiff's motion for default judgment (Doc. 83) be denied, Plaintiff's motion for partial summary judgment against Defendant Oppy (Doc. 58) be denied, and Defendants' motion for summary judgment (Doc. 72) be granted. (Doc. 84).

Plaintiff filed a timely objection to the Magistrate Judge's Report and

Recommendation. (Doc. 85).[1]  The objection is not well-taken.  Plaintiff's objection offers nothing to rebut the Magistrate Judge's correct conclusions that Defendants Scott and Irvin should be dismissed for lack of service pursuant to Fed. R. Civ. P. 4(m), Plaintiff failed to properly exhaust some of his claims, and the exhausted claims fail as a matter of law.  Plaintiff argues his claims should not be dismissed for failure to exhaust because requiring inmates to submit grievances to staff at the correctional facility prior to filing a lawsuit against staff members creates a conflict of interest.   This argument is not availing, as exhaustion of administrative remedies is <u>mandatory</u> under the PLRA and unexhausted claims <u>cannot</u> be brought in court.  *See Jones v. Bock*, 549 U.S. 199, 211 (2007) (citation omitted).

On November 1, 2018, the Magistrate Judge entered a Supplemental Report and Recommendation, clarifying that Plaintiff's claims against Defendants Combs and Nolan should also be dismissed without prejudice for failure to exhaust administrative remedies. (Doc. 91).

Plaintiff filed a timely objection.  (Doc. 92).  Plaintiff does not object to the dismissal of Defendant Nolan, as "Plaintiff cannot find any proof that he filed a grievance on Nolan." (*Id.* at 2).  However, the objection argues that Plaintiff exhausted claims against Combs in grievance No. 5-16-000040.  (*Id.*).  Yet the objection to the Supplemental Report and Recommendation is not well-taken as the objection does not identify any grievance filed (or exhausted) against Defendant Combs. Instead, the

---

[1] Plaintiff also filed a motion to supplement his objection (Doc. 89), which is **GRANTED**.  The Court has considered Plaintiff's supplement in analyzing his objection.

exhibits attached to the objection only indicate that Plaintiff mentioned conduct by Defendant Combs while being interviewed in connection with his grievance against another defendant. (Doc. 92-1). The objection offers no affirmative evidence to rebut Defendants' sworn statements that Plaintiff did not exhaust a grievance against Defendant Combs. (*See* Doc. 72-4).

### B. Other Pretrial Motions.

Also pending before the Court are several other pretrial motions. First, Plaintiff filed multiple motions for default judgment (Docs. 16, 42) that the Magistrate Judge properly recommended denying in light of the fact that Plaintiff had not obtained an entry of default (a prerequisite to default judgment) and because Defendants were not in default (Docs. 19, 43). Plaintiff did not object to the Magistrate Judge's recommendations that his motions for default judgment be denied.

Second, Plaintiff filed two prior motions for summary judgment (Docs. 38, 51) that the Magistrate Judge properly recommended denying as premature in light of the fact that the parties were still conducting discovery (Docs. 55, 43). Plaintiff did not object to the Magistrate Judge's recommendations that his first two motions for summary judgment be denied as premature.

Third, Defendant Cool filed a prior motion to dismiss (Doc. 44), that the Magistrate Judge properly recommended denying (Doc. 63). No objection was filed.

Fourth, Plaintiff filed a motion for preliminary injunction (Doc. 64) that the Magistrate Judge properly recommended denying, in part, on the grounds that Plaintiff had not established a likelihood of success on his claims (Doc. 69). Plaintiff did not

3

object to the Magistrate Judge's recommendation that his motion for preliminary injunction be denied.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Reports and Recommendations should be and are hereby adopted in their entirety.

Accordingly:

1. The August 3, 2018, Report and Recommendation (Doc. 84) and the November 1, 2018, Supplemental Report and Recommendation (Doc. 91) are **ADOPTED**;

2. Plaintiff's motion to supplement his objection to the August 3, 2018 Report and Recommendation (Doc. 89) is **GRANTED**;

3. Plaintiff's objections (Docs. 85, 92) are **OVERRULED**;

4. The other various pre-trial Reports and Recommendations submitted by the Magistrate Judge (Docs. 19, 43, 55, 63, and 69) are **ADOPTED**;

5. Defendant Cool's first motion to dismiss (Doc. 44) is **DENIED**;

6. The motion to dismiss filed by Defendant Irvin and Scott (Doc. 72) is **GRANTED** and Plaintiff's claims against those Defendants are **DISMISSED** under Fed. R. Civ. P. 4(m) for lack of service;

7. Plaintiff's motions for default judgment (Docs. 16, 42, and 83) are **DENIED**;

8. Plaintiff's motions for summary judgment (Docs. 38, 51, and 58) are **DENIED**;

9. Defendants' motion for summary judgment (Doc. 72) is **GRANTED**;

10. Plaintiff's claims against Defendants Hale, Fri and Hutchinson related to the alleged April 2016 incidents are **DISMISSED with prejudice**;

11. Plaintiff's remaining claims against Defendants Hale, Fri and Hutchinson, as well as Plaintiff's claims against Defendants Cool, Miller, Dawson, Mahlman, Oppy, Nolan and Combs are **DISMISSED without prejudice** for failure to exhaust administrative remedies;

12. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and Plaintiff is denied leave to appeal *in forma pauperis*. Plaintiff may apply to proceed *in forma pauperis* in the Court of Appeals; and

13. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 11/20/18

*Timothy S. Black*
Timothy S. Black
United States District Judge